# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| KENNETH GRAHAM | * | |
| Petitioner | * | |
| v | * | Crim. Case: ELH-13-620 |
| | | (Related Civil Action: ELH-18-491) |
| UNITED STATES OF AMERICA | * | |
| Respondent | * | |

***

## MEMORANDUM

On February 16, 2018, Petitioner Kenneth Graham filed a motion to vacate under 28 U.S.C. § 2255 (ECF 172); *see also* ECF 171. He also filed two supplements. ECF 174; ECF 180 (collectively, the "Motion"). In its opposition (ECF 176), the government asserts that the motion is subject to dismissal because it is time-barred. ECF 176. Graham filed a reply (ECF 179), seeking equitable tolling of the limitations period.

The court finds no need for a hearing. For the reasons stated below, I shall dismiss the Motion. And, a certificate of appealability shall not issue.

## I. Factual Background[1]

On February 13, 2015, following a four-day trial, Graham was convicted by a jury on a three-count superseding indictment charging him with attempt to interfere with interstate commerce by robbery, under 18 U.S.C. § 1951(a); possession of and discharging a firearm, in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c); and possession of a firearm, by a convicted felon, under 18 U.S.C. § 922(g)(1). *See* ECF 132; ECF 133.

---

[1] The case was initially assigned to Judge William D. Quarles, Jr. It was reassigned to me on February 16, 2018, due to Judge Quarles's retirement. *See* Docket.

On May 27, 2015, Graham was sentenced to serve a total term of 382 months in prison. *See* ECF 149; ECF 151. Graham appealed his conviction to the Court of Appeals for the Fourth Circuit on June 4, 2015. *See* ECF 154; ECF 155. The Fourth Circuit affirmed his conviction on April 4, 2016. ECF 165; ECF 166, *see also United States v. Graham*, 643 F. App'x 268 (4th Cir. 2016) (per curiam).

Graham did not seek certiorari review in the Supreme Court. Therefore, on June 3, 2016, his conviction became final for purposes of the filing deadline for a motion to vacate pursuant to 28 U.S.C. §2255. That is the date the time for filing a petition for certiorari review expired. *See Clay v. United States*, 537 U.S. 522, 527 (2003). Graham's Motion was due to be filed in this court on or before July 3, 2017.

## II. Discussion

On February 16, 2018, the Clerk docketed correspondence from Graham, inquiring about a motion to vacate. ECF 172. That correspondence has been construed as the filing of a motion under 28 U.S.C. § 2255. Graham subsequently supplemented his submission. *See* ECF 174; ECF 180.

Graham contends that his conviction under 18 U.S.C. § 924(c) is invalid under *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551 (2015), because Hobbs Act Robbery is not a crime of violence. ECF 174 at 4. He also claims that the enhancement of his sentence is invalid under *Johnson*. Further, he contends that he was denied effective assistance of counsel because his trial attorney did not file any motions or conduct a reasonable investigation, failed to properly cross-examine a government witness who was a heroin addict, failed to object to dual prosecutions by the federal and state governments for the same crimes, and failed to negotiate a

2

plea agreement. He also complains that his lawyer failed to disclose exculpatory evidence to him prior to trial. ECF 174 at 4-6.

Under 28 U.S.C. § 2255(f), a post-conviction motion is subject to a one-year limitation period, which runs from the latest of:

>  (1) the date on which the judgment of conviction becomes final;
> 
>  (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> 
>  (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> 
>  (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, the Motion is untimely unless Graham can establish that he is entitled to equitable tolling of the limitations period, or his Motion otherwise fits within the exceptions found in 28 U.S.C. §2255(f). Graham's claim that he is entitled to relief under the holding of *Johnson v. United States*, ___ U.S. ___, 135 S.Ct. 2551 (2015), does not make the pending Motion timely under § 2255(f)(3), because the *Johnson* decision was issued June 26, 2015, more than a year before Graham filed his Motion.

To be entitled to equitable tolling, a petitioner must establish that either some wrongful conduct by the respondent contributed to his delay in filing his motion, or that circumstances beyond his control caused the delay. *See Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). "[A]ny resort to equity must be reserved for those rare instances where . . . it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Id*.

In his reply (ECF 179), Graham asserts he is entitled to equitable tolling of the limitations period because he was denied access to legal papers during his assignment to a segregation unit in the Federal Bureau of Prisons, his requests for assistance from his former counsel went unanswered, and when he was released from segregation he was told his property was lost. *Id.* Absent from Graham's assertions is any explanation regarding why his "legal papers" were necessary to formulate the claims asserted in the Motion, a description of the content of the legal papers, or any mention of when he gained access to those materials.

The claims asserted are not of a nature that Graham could not raise them without access to extraneous legal material. Indeed, he was aware of the factual basis for all of the claims long before the filing of his Motion. In short, the inaccessibility of unidentified legal material was not an impediment to Graham's compliance with the filing deadline for his Motion.

Graham has failed to establish factors warranting equitable tolling of the statute of limitations. To the extent he is asserting that his attorney's non-response to his requests for assistance caused the delay in filing, it is not a basis for equitable tolling. *See Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (attorney error is insufficient basis for equitable tolling).

### III.     Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the court is required to issue or deny a certificate of appealability ("COA") when it enters a final order adverse to the applicant. A COA is a "jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). In other words,

unless a COA is issued, a petitioner may not appeal the court's decision in a § 2255 proceeding.[2] 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b).

A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Buck v. Davis*, ___ U.S. ___, 137 S. Ct. at 773. Where the court denies a petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *See Tennard v. Dretke*, 542 U.S. 274, 282 (2004); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003).

As indicated, a COA may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Because Petitioner has not made a substantial showing of the denial of his constitutional rights, I decline to issue a COA.

An Order follows.

Date: October 16, 2018         /s/
                               Ellen L. Hollander
                               United States District Judge

---

[2] The denial of a COA by the district court does not preclude Petitioner from seeking a COA from the appellate court.